IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| LYNNE GOLIA,<br><br>Plaintiff,<br><br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, a Delaware limited liability corporation, and VOLVO CAR USA, LLC, a Delaware limited liability corporation,<br><br>Defendants. | CIVIL DIVISION<br><br>Action No.: ______<br><br>**COMPLAINT**<br><br>FILED ON BEHALF OF PLAINTIFF: LYNNE GOLIA<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>SERGEI LEMBERG<br>PA ID: 317359<br>LEMBERG LAW, LLC<br>43 DANBURY ROAD<br>WILTON, CT 06897<br>203-653-2250 |

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| LYNNE GOLIA,<br><br>Plaintiff,<br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, a Delaware limited liability corporation, and VOLVO CAR USA, LLC, a Delaware limited liability corporation,<br><br>Defendants. | CIVIL DIVISION<br><br>Action No.: ______ |

**NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE – Pennsylvania Bar Association**
Contact Information: (800) 692-7375

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| LYNNE GOLIA,<br><br>Plaintiff,<br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, a Delaware limited liability corporation, and VOLVO CAR USA, LLC, a Delaware limited liability corporation,<br><br>Defendants. | CIVIL DIVISION<br><br>Action No.: ______ |

**COMPLAINT**

For this Complaint, the Plaintiff Lynne Golia, by undersigned counsel, states as follows:

**JURISDICTION**

1. This is an action by purchaser Lynne Golia of a ‘defective’ 2023 Volvo CX-40 automobile for damages related to repeated and unremedied defects in the automobile and the Defendants’ wrongful failure to honor the terms of the warranty.

2. Venue is proper in this District in that the Plaintiff Lynne Golia resides in Bucks County, the subject vehicle was sold in Bucks County, and a substantial portion of the acts giving rise to this action occurred in Bucks County.

**PARTIES**

3. The Plaintiff Lynne Golia is an individual residing in Furlong, Pennsylvania.

4. Defendant Volvo Cars of North America, LLC (“VCNA”) is a Delaware limited liability company with its principal place of business at 1800 Volvo Place, Mahwah, New Jersey 07430. VCNA is a wholly-owned subsidiary of Volvo Car Corporation, which is a Swedish corporation with its principal place of business in Gothenburg, Sweden, and which manufactures

Volvo-branded cars. VCNA provides marketing, sales, distribution, parts service and training support for Volvo brand passenger cars in the United States. VCNA is an authorized importer and distributor of Volvo motor vehicles in the United States.

5. Defendant Volvo Car USA, LLC ("VCUSA," and together with VCNA, "Volvo") is a Delaware limited liability company with its principal place of business at 1800 Volvo Place, Mahwah, New Jersey 07430. VCUSA is an authorized importer and distributor of Volvo motor vehicles in the United States. VCUSA's sole member is VCNA.

## STATEMENT OF FACTS

6. On or about November 3, 2022, Plaintiff purchased a new 2023 Volvo CX-40, Vehicle Identification Number (VIN) YV4L12UN0P2928141 (hereafter, the "Vehicle") from Keystone Motors Volvo (hereafter the "Keystone Volvo" or "Dealership"), an authorized dealership of the Defendants in Doylestown, Pennsylvania, for private use.

7. The purchase price of the Vehicle was $43,929.18, excluding options, fees, taxes, and finance charges.

8. At the time Plaintiff signed the contract to purchase the Vehicle, Keystone Volvo made representations as to the Vehicle's performance and quality and informed Plaintiff that it was accompanied by the Volvo's New Vehicle Limited Warranty and was free from defects of workmanship.

9. Thereafter, continuing malfunctions, defects and problems have plagued the Vehicle.

10. Since the time of purchase to the present, the Vehicle has been subject to at least five (5) repair attempts because of persistent infotainment system failures.

11. On March 23, 2023, Plaintiff brought the Vehicle Keystone Volvo stating that the Vehicle's infotainment system needed a software update.

12. In response, Keystone performed a total infotainment system software update.

13. Later that day, the Vehicle was returned to Plaintiff.

14. On July 5, 2023, Plaintiff returned the Vehicle to Keystone Volvo and Keystone accepted the Vehicle for repair.

15. Plaintiff requested that Keystone install another over-the-air software update for the Vehicle's infotainment system.

16. In response, the dealership performed the software upgrade.

17. Later that day, the Vehicle was returned to Plaintiff.

18. On February 22, 2024, Plaintiff returned the Vehicle to Keystone Volvo complaining that the Vehicle's infotainment screen went blank and that the turn signals no longer made an audible sound.

19. In an attempt to repair the Vehicle, Keystone Volvo installed the latest software update for the infotainment system.

20. During this repair, the Vehicle was out of service for approximately two (2) days and was ready for pickup on February 23, 2024.

21. On March 5, 2024, Plaintiff returned the Vehicle to Keystone Volvo complaining that Apple CarPlay would not work and the coolant warning light was illuminated.

22. In an attempt to repair the Vehicle, Keystone Volvo reset the infotainment system head unit and topped off the coolant.

23. Later that day, the Vehicle was returned to Plaintiff.

24. On the next day, March 6, 2024, Plaintiff returned the Vehicle to Keystone Volvo complaining that sound no longer came from the audio system and that the turn signals, navigation, and park assist features were not working properly.

25. In an attempt to repair the Vehicle, Keystone Volvo replaced the infotainment system head unit, and installed the latest total software update.

26. During this repair, the Vehicle was out of service for approximately nine (9) days and ready for pickup on March 14, 2024.

27. On July 3, 2024, Plaintiff returned the Vehicle to Keystone Volvo because Plaintiff was again notified that a software update was available for the Vehicle's infotainment system.

28. In response, Keystone performed a total system software update.

29. Later that day, the Vehicle was returned to Plaintiff.

30. On July 18, 2024, Plaintiff returned the Vehicle to Keystone complaining once again that Apple CarPlay did not work.

31. In an attempt to repair the Vehicle, Keystone tested CarPlay using multiple cables, contacted Volvo's technical help desk, reset the infotainment head unit, and replaced the front USB hub.

32. During this repair, the Vehicle was out of service for approximately five (5) days and ready for pickup on July 22, 2024.

33. On October 2, 2025, Plaintiff returned the Vehicle to Keystone Volvo complaining that the Vehicle's water pump appeared to be leaking coolant.

34. Keystone Volvo's technicians pressure tested the cooling system but claimed to have found no leaks and no coolant loss.

35. During this repair, the Vehicle was out of service for approximately two (2) days and ready for pickup on October 3, 2025.

36. On July 28, 2026, Plaintiff returned the Vehicle to Keystone, complaining that the infotainment system was rebooting on its own and that there was no sound.

37. In an attempt to repair the Vehicle, Keystone performed a total software update.

38. Later that day, the Vehicle was returned to Plaintiff.

39. The defects experienced by the Plaintiff substantially impair the use and value of the Vehicle.

40. The Plaintiff could not reasonably have discovered said nonconformities prior to Plaintiff's acceptance of the Vehicle.

41. The Plaintiff provided the Defendants, or one or more of their authorized or franchised dealers, with reasonable opportunities to repair the problems with the Vehicle.

42. The Defendants have neglected, failed, refused or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time or a reasonable number of attempts.

**COUNT I**

**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301, *et seq*.**

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

45. Defendants are each a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) & (5).

46. Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(1).

47. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

48. 15 U.S.C. § 2304(a)(1) requires the Defendants, as warrantors, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to the Plaintiff.

49. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed on her by the Defendants, the Defendants have failed to remedy the defects within a reasonable time, thereby, breaching the written and implied warranties applicable to the subject the Vehicle.

50. As a result of the Defendants' breaches of written and implied warranties, and Defendants' failure to remedy the same within a reasonable time, the Plaintiff has suffered damages.

## COUNT II

## BREACH OF EXPRESS WARRANTIES

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. In connection with the purchase, the Defendants expressly warranted that, among other things:

a. The Vehicle was fit for the ordinary purposes of safe, reliable and attractive transportation;

b. The Vehicle was of good, sound and merchantable quality;

c. The Vehicle was free from defective parts and workmanship;

d. The Vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

e. In the event the Vehicle was not free from defective parts or workmanship as set forth above, the Defendants would repair or replace same without cost to the Plaintiff; and

f. Any defects or non-conformities would be cured within a reasonable time.

53. The Defendants breached these express warranties in that the Vehicle is plagued with problems.

54. The Plaintiff has given the Defendants reasonable opportunities to cure said defects and make the subject Vehicle fit for its intended purpose but the Defendants have been unable and/or refused to do so within a reasonable time.

55. As a result of said nonconformities, the Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

56. As a result of breach of express warranties, the Plaintiff has been damaged.

**COUNT III**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §2301 *et seq.*, and 13 PA. Cons. Stat. Ann. § 2314 AND § 2318**

57. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The Defendants are merchants with respect to motor vehicles.

59. The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and 13 Pa. Cons. Stat. Ann. § 2314 and § 2318, running from the Defendants to the Plaintiff.

60. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

61. Defendants breached the implied warranty of merchantability in that the Vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the Vehicle is unfit for the ordinary purposes for which such vehicles are used.

62. Plaintiff notified Defendants of the defects in the Vehicle, which was a reasonable time after Plaintiff discovered the breach.

63. As a result of Defendants' breaches of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## COUNT IV

## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *et seq.*

64. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The Plaintiff is a "person" as defined by 73 P.S. § 201-2(2).

66. Defendants are each a "person" as defined by 73 P.S. § 201-2(2).

67. Plaintiff's purchase and/or servicing of the Vehicle is a "Trade" or "Commerce" as defined by 73 P.S. § 201-2(3).

68. The Defendants are in the business of selling motor vehicles and therefore are bound by 73 P.S. § 201-1, *et seq.*, which prohibits engaging in unfair or deceptive acts in the conduct of any commerce or trade.

69. The sale of the Vehicle under the guise that it was free from defects that would substantially impair their use, safety, or value violates the public policy of the Commonwealth of Pennsylvania and is an unlawful or deceptive trade practice under 73 P.S. § 201-1, *et seq.*

70. The Defendants further violated 73 P.S. § 201-1, *et seq*., in one or more of the following ways:

a. representing the subject Vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

b. representing that the repairs could be performed properly, within a reasonable time, when Defendants knew, or in the exercise of reasonable care, should have known that this was not the case;

c. failing to offer a refund of the purchase price of the subject Vehicle in accordance with the applicable warranties;

d. failing to make a reasonable offer to settle the dispute following the receipt of the Plaintiff's notice.

71. Defendants are in the business of selling motor vehicles and therefore the violations are likely to affect the general public, now and in the future.

72. Defendants violated the law willfully and knowingly.

73. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under 73 P.S. § 201-1, *et seq*., and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff demands judgment against Defendants as follows:

1. Money damages in whatever amount the Plaintiff is found to be entitled, plus interest, costs, incidental and consequential damages and reasonable attorneys' fees;

2. Equitable relief including, but not limited to, rescission or reformation of the

subject contract or, alternatively, repair of the subject vehicle, extension of the express and implied warranties, and service contracts which are or were applicable to the subject vehicle in the event that Plaintiff is not found to be entitled to rescission; and

3. Attorneys' fees; and
4. Such other and further relief as this Court deems just.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 21, 2026

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
Bar No.: 317359
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*